IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GARY L. BONZO,

                Plaintiff,

vs.                                        Case No. 11-2275-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

                Defendant.


MEMORANDUM AND ORDER


    Plaintiff filed an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Doc. 18). The motion has been fully briefed by the parties.

**I. General legal standards**

    The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. <u>Estate of Smith v. O'Halloran</u>, 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party includes a plaintiff who secures a sentence four remand reversing the Commissioner's denial of benefits as to "any significant issue in

litigation which achieve[d] some of the benefit ... sought in bringing suit." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); Sommerville v. Astrue, 555 F. Supp.2d 1251, 1253 (D. Kan. 2008).

The Commissioner bears the burden to show that his position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.1995). However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. Hensley v. Eckerhart, 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Sommerville v. Astrue, 555 F. Supp.2d at 1253.

**II.  Reasonableness of EAJA request**

Defendant does not object to an award of EAJA fees in this case, and does not object to the hourly rate requested by plaintiff. However, defendant does assert that billing for 56.90 hours is excessive.

As this court has indicated in the past, the typical EAJA fee application in social security cases is between 30 and 40 hours. Thus, courts in this district have not hesitated to disallow hours over 40 as unreasonable in routine EAJA social security cases. Williams v. Astrue, 2007 WL 2582177 at *1 & n.3 (D. Kan. Aug. 28, 2007). However, this court has permitted an award of 76.75 hours upon finding that the amount of time

documented was reasonably necessary to accomplish the tasks listed.  Masenthin v. Barnhart, 2005 WL 1863146 at *3-4 (D. Kan. July 21, 2005).  Courts in this district have recently approved 61.86 hours of attorney time, noting a record of more than 1,000 pages, Sommerville v. Astrue, 555 F. Supp.2d 1251, 1254 (D. Kan. 2008), and have found that 53.75 hours was reasonably expended (a reduction from a request of 65.75 hours), Farmer v. Astrue, 2010 WL 4904801 at *1-3 (D. Kan. 2010).  In the case of Linder v. Astrue, Case No. 09-1210-SAC (D. Kan. June 21, 2011, Doc. 36) this court found that 54.10 hours was reasonably expended (a reduction from a request of 68.55 hours).  Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983).

   The record in this case is rather long, a total of 1,052 pages, including 410 pages of medical records and 237 pages of transcripts from 6 separate hearings.  Plaintiff wrote a 94 page brief which raised two major issues.  Plaintiff first argued that the ALJ erred in finding that plaintiff was engaged in substantial gainful activity.  Plaintiff also challenged the RFC findings of the ALJ (Doc. 10 at 65-92).

   Plaintiff's counsel spent 50.258 hours to research and write plaintiff's initial brief (Doc. 19-1, 10/14/11-12/19/11).  The initial brief was 94 pages long, with 62 pages setting forth

relevant facts and the procedural history, and 27 pages on the issues raised by the plaintiff (Doc. 10).  D. Kan. Rule 7.6(a)(2) states that a brief must contain "a <u>concise</u> statement of the facts, with each statement of fact supported by reference to the record" (emphasis added).  The court finds that a brief with 62 pages setting forth the facts and procedural history of a case is excessive, especially when many of the facts set forth in the brief do not clearly pertain to the issues raised by plaintiff in his brief.  Plaintiff's brief only addressed two major issues, which were not unduly complex.  The court finds that no more than 40 hours was needed for the research and writing of plaintiff's initial brief.

Plaintiff's counsel spent 3.85 hours reviewing the decision of the Appeals Council, preparing and filing a complaint, serving the appropriate governmental bodies, and reviewing the answer (Doc. 19-1, 3/18/2011-6/3/2011).  Counsel also spent 1.3 hours in reviewing and responding to the motion to remand, and another 1.5 hours on the application for the EAJA motion (Doc. 19-1, 1/20/12-3/14/12), for a total of 6.65 hours on these tasks.  The court finds that no more than 4 hours was reasonably necessary to accomplish these tasks.

The court therefore finds that 44 hours was reasonably expended in presenting this case before the court.  Therefore, a reasonable attorney's fee pursuant to the EAJA is $7,876 (44

(hours) x 179 (adjusted rate per hour)).

Plaintiff also seeks reimbursement of the filing fee of $350.00. Defendant does not object to this request, and the court finds that good cause has been shown to grant plaintiff's request that the cost of the filing fee be reimbursed to the plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (Doc. 18) is granted in part, and the Commissioner is ordered to pay plaintiff an attorney fee in the amount of $7,876.00.

IT IS FURTHER ORDERED that plaintiff's motion for reimbursement of the expense of the filing fee of $350.00 is granted. The Commissioner is ordered to pay plaintiff $350.00 for the costs of this action from the Judgement Fund administered by the United States Treasury Department.

Dated this 23rd day of May 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge